# FARMERS INSURANCE COMPANY OF OREGON,
## and Truck Insurance Exchange,
*Respondents,*

*v.*

## Margaret PAEPIER;
John Doe or Jane Doe, in his/her Capacity as Representative of the Estate of Cheryl Judy Hoaglin; Laura Kirstin Hoaglin and Kelly Von Hoaglin, *Appellants.*

(A8908-04550; CA A65205)

822 P2d 140

Bernard Jolles, Portland, argued the cause for appellants. On the briefs were Larry N. Sokol, Evelyn Conroy Sparks and Jolles, Sokol & Bernstein, P.C., Portland.

William G. Earle, Portland, argued the cause for respondents. With him on the brief was Hallmark, Keating & Abbott, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

**WARREN, P. J.**

Plaintiff insurers brought a declaratory judgment action regarding coverage. Both parties moved for summary judgment. The trial court concluded that the insurance policies did not cover defendants'[1] uninsured motorist claims. Defendants appeal, and we affirm.

On January 7, 1988, Farmers Insurance Company of Oregon (Farmers) issued a motor vehicle liability policy to Margaret Paepier with a policy limit of $250,000. A year earlier, she had purchased a $1,000,000 umbrella liability policy from Truck Insurance Exchange (TIE). On May 14, 1988, Paepier was traveling with her daughter, Cheryl Hoaglin, in her daughter's car in Florida.[2] Paepier was driving, with Hoaglin as a passenger, when an uninsured motorist struck their car, killing Hoaglin. Hoaglin had uninsured motorist coverage with State Farm Insurance Company, with a policy limit of $25,000. Her estate made a claim for uninsured motorist benefits against both of Paepier's policies for her estate's damages in excess of the $25,000 provided under Hoaglin's State Farm policy.

In this action, Paepier's insurers contend that they are not liable to Hoaglin's estate. The trial court found that there were no disputed issues of material fact and entered a judgment for the insurers. It found that the terms of Farmers' policy were less favorable to Hoaglin's estate than the provisions of ORS 742.504(2), so the terms of the statute, not the policy, determined whether there is uninsured motorist coverage for Hoaglin's death. The parties agree that, if there is no coverage under the Farmers' policy under ORS 742.504(2), there is also no coverage under the TIE umbrella policy.

The trial court held that Hoaglin does not fall within the statutory definition of "insured" in ORS 742.504(2)(a)(B), because the vehicle that she occupied was not an "insured vehicle" under ORS 742.504(2)(b)(B) and,

---

[1] The individual defendants are named only as potential personal representatives of the estate of Cheryl Hoaglin.

[2] Paepier was a resident of Oregon, and Hoaglin was a resident of California.

therefore, her estate is not entitled to recover under Paepier's policy.

ORS 742.504(2) provides, in part:

"(a)    'Insured,' *when unqualified,* means when applied to uninsured motorist coverage:

"(A)    The named insured * * *; and

"(B)    *Any other person* while *occupying an insured vehicle* provided the actual use thereof is with the permission of the named insured.

"(b)    'Insured vehicle' * * * means:

"* * * * *

"(B)    *A nonowned vehicle* operated by the *named insured* * * *; provided the actual use thereof is with permission of the owner of such vehicle and such vehicle is *not owned by* nor furnished for the regular * * * use of *the insured* or any member of the same household." (Emphasis supplied.)

The issue is whether ORS 742.504(2)(b)(B)'s reference to "the insured" means the *named* insured, or whether it means the broader definition under ORS 742.504(2)(a)(B).[3]

Defendants contend that the phrase "the insured" in ORS 742.504(2)(b)(B) refers to the *named* insured. They point out that the terms "named insured," "the insured" and "an insured" appear almost 100 times in the uninsured motorist statutes and argue that the terms must be read in context. They assert that the entire thrust of that subsection is to describe the circumstances under which a driver can confer coverage on her passengers and that it would not be logical to exclude uninsured motorist coverage for a passenger simply because that passenger owned the vehicle. They also point out the circular nature of the trial court's interpretation: Hoaglin's car was not an "insured vehicle" because it was owned by an "insured," but an "insured" is a person occupying an "insured vehicle."

Oregon's uninsured motorist statute mandates coverage for three categories of persons: named insureds, their

---

[3] The court construed the term "the insured" in ORS 742.504(2)(b)(B) to refer to Hoaglin.

spouses and relatives, ORS 742.504(2)(a)(A); persons occupying the vehicles described in the policy, ORS 742.-504(2)(b)(A); and persons occupying nonowned vehicles driven by the named insured. ORS 742.504(2)(b)(B). Coverage for the groups is achieved in two ways: coverage that follows an insured vehicle and coverage that follows an insured driver.

We agree with the trial court's conclusion that the reference in ORS 742.504(2)(b)(B) to "the insured" refers to the broader definition under ORS 742.504(2)(a). The statute clearly states that the term "insured," when unqualified, refers to both the named insured *and* any other person occupying the insured vehicle. ORS 742.504(2)(b)(B) excludes from its definition of "insured vehicle" any vehicle "owned by or furnished for the regular or frequent use of *the insured.*" (Emphasis supplied.) Consequently, the reference to "the insured" in that subparagrah refers both to Paepier, the named insured, and to Hoaglin, the insured.

We also note that, when the legislature has intended to mean only the "named insured," it has used that phrase. If it intended to mean "named insured" when ORS 742.504(2)(b)(B) uses "the insured," it could and should have said that. Additionally, it does not make sense to read ORS 742.504(2)(b)(B) as saying " 'Insured vehicle' * * * means * * * [a] nonowned vehicle operated by the named insured * * * not owned by the [named] insured."

■    Neither do we accept defendants' argument that our interpretation is circular. When the legislature referred to "the insured," it meant the insured seeking uninsured motorist benefits, assuming that she met the requirements of ORS 742.504(2)(a). Having included all passengers in an insured vehicle in the definition of "insured," the legislature was free not to require a driver's insurance to provide coverage for an owner who is a passenger in her own vehicle. The legislative objective behind requiring uninsured motorist coverage is to protect an injured party who did not have the opportunity to purchase coverage. That does not include owner-passengers. *Cf. Cole v. Farmers Ins. Co.*, 108 Or App 277, 814 P2d 188 (1991) (definition of "uninsured vehicle" does not include a vehicle driven by a thief that runs over the owner, interpreting *former* ORS 743.792(2)(e)(F)). A vehicle

owner may be assumed to have purchased coverage for her vehicle, including uninsured motorist coverage applicable to herself. Accordingly, the legislature could conclude that it was unnecessary to require coverage also under a nonowner driver's policy.

Because the parties agree that, if Hoaglin was not covered by the Farmers' policy, her estate also cannot recover under the umbrella policy, we need not address any issue regarding that policy.

Affirmed.